[No. 37527.    En Banc.    July 7, 1966.]

HAROLD C. HOOSER et al., Appellants, v. LOYAL ORDER OF
Moose, Inc., Respondents.*

Robinson, Landerholm, Memovich & Lansverk, for appellants.

McMullen, Snider & McMullen, for respondent.

*Reported in 416 P.2d 462.

ROSELLINI, C. J.—This lawsuit grows out of a fall by the plaintiff wife, Dora B. Hooser, at a New Year's Eve party at the Vancouver lodge of the defendant, the Loyal Order of Moose, Inc. The plaintiff husband who was a member of the Moose, arrived with his wife about 10 p.m. Upon presenting two tickets, purchased at an earlier date for $1 each, they went down to the basement where the dance was being held. However, when they discovered that certain friends had not arrived, they returned upstairs to wait for them. The friends arrived shortly, and all went down to the dance.

The only available table was located off the dance floor, and was adjacent to a space which had been left for a passageway to the restrooms at the back of the hall. The party all ordered drinks, and the Hoosers had one dance. At about 10:30 p.m., a friend asked Mrs. Hooser to dance. She got up and turned to walk to the dance floor. She slipped and fell, striking her right arm as she fell on a post on the stairs leading into the basement. The injuries to the arm, although apparently minor, are the basis for this lawsuit.

The dance floor was tile. The floor where the Hoosers were sitting was concrete. Plaintiff and her witnesses all testified that a great amount of wax had been used on the dance floor and had accumulated in the passageway. Tinsel from the hats and noisemakers distributed by the Lodge was also strewn in the passageway. The witnesses testified that the light was very dim in the entire hall. They said that Mrs. Hooser's dress was covered with wax and tinsel after the fall. Mrs. Hooser danced with the friend, but then spent the rest of the evening at the table because her arm was bothering her. She obtained medical attention the next day, on New Year's Day.

The plaintiffs' theory is that the Lodge was negligent in allowing the wax and the tinsel to accumulate in the dimly-lighted passageway, where it was certainly known that people would be walking and would not be expecting a slippery floor.

The trial court granted defendant's motion for a nonsuit and, in doing so, relied on the case of *Kalinowski v. YWCA*,

17 Wn.2d 380, 135 P.2d 852 (1943). In that case, an adult adviser to a group of teen-age girls attended a dance in the YWCA gymnasium. The floor had been waxed to facilitate dancing, and, to prevent the spread of the wax to the rest of the building, a mat had been placed at the only door to the gymnasium. The adviser left the gymnasium to go into the lobby to secure more nickels for the "nickelodeon." After she crossed the mat into the lobby, her feet slid in opposite directions, which resulted in injury to her back. The mishap was apparently caused by the wax which had coated the bottom of her shoes. This court held that the plaintiff failed to show that the YWCA was negligent, and dismissed the case.

Mrs. Hooser was an invitee, just as was the plaintiff in *Kalinowski v. YWCA, supra.* Accordingly, the defendant had the duty to use ordinary care to keep the premises in reasonably safe condition. But, as we observed in that case, the mere fact that a person has slipped and fallen on a floor does not, of itself, tend to prove that the surface was dangerously unfit for the purpose.

The placing of wax or a similar substance on a floor to make it smooth for dancing has become an established custom, we said, and, unless the owner has been negligent in the materials he used or in the manner of applying them, he is not liable to a person who falls thereon because of its slippery condition.

The soles of the respondent's shoes, in that case, had become slippery with wax when she was dancing. She was not on the dance floor when she slipped and fell; but there was evidence that wax had been tracked on the spot where the fall occurred. Defining the appellant's duty to her, we said, at 393:

> Respondent, to prove that appellant was negligent toward her, assuming that she was an invitee, must establish that appellant improperly prepared the floor, creating a dangerous condition, and with knowledge of this condition, either actual or constructive, failed to remedy it or to warn respondent of the danger. In other words, respondent must establish that appellant failed to exercise that degree of care that a reasonably prudent and careful

owner would deem sufficient to protect the users of the floor, while exercising ordinary care for their own safety.

The use of wax on the floor to prepare it for dancing was not negligence per se, we said, there being no evidence that an improper material was used or that it was improperly applied. And, even assuming that a dangerous condition did exist, the appellant was entitled to a directed verdict, for the conditions were known to the respondent. We said, at 395:

> Respondent therefore knew, or as a reasonably prudent person should have known, that the substance used on the dance floor would not only make the dance floor slippery, but that some of it would adhere to the shoes and make them smooth and slippery, and would also be tracked out onto the linoleum by those going from the dance floor out to the lobby. There was therefore no negligence on the part of appellant in failing to warn respondent or to take steps for her further safety.

We find it impossible to make a reasonable distinction between that case and this. Here, no negligence in the selection or use of materials was shown, and the tracking of wax into the passageway was to be expected. It is true that the passageway to the restrooms was dimly lighted; but we can take judicial notice that bright lights are not customary at dances.

In any event, it was not so dimly lighted that witnesses failed to observe the accumulation of wax tracked there by dancers and tinsel shed from their hats and noisemakers. Certainly these conditions must reasonably have been apparent to Mrs. Hooser, who was sitting right beside them. If they were not, how can it be said that the defendant, who was not shown to have any actual knowledge of the conditions, should have been aware of them?

The trial court correctly held that the plaintiffs failed to establish a prima facie case of negligence on the part of the defendant.

The judgment of dismissal is affirmed.

HILL, DONWORTH, WEAVER, OTT, HAMILTON, and HALE, JJ., concur.

FINLEY, J. (dissenting)—I agree with the facts as stated by the majority, but not with the majority's interpretation of these facts. Where the facts indicate or support different evaluations, *Kalinowski v. YWCA*, 17 Wn.2d 380, 135 P.2d 852 (1943), is not controlling, and it is at this point that I differ with the trial court and the majority herein. In *Kalinowski*, the plaintiff fell after she had crossed a mat, and the cause of the fall was the wax that she carried on her own shoes. The case also shows that she had crossed the lobby several times earlier and that she was or should have been more familiar with the existing conditions. Here, taking the plaintiff's evidence as true and according it the appropriate favorable inferences, the record shows that the plaintiff fell in a passageway, off the dance floor, where there was an accumulation of wax and tinsel in a dimly-lighted walkway or passageway. These facts are enough to convince me that the plaintiff made a prima facie case to go to the jury.

For the reasons briefly stated, I think the order of the trial judge should be reversed and that the plaintiff should be granted a new trial. Consequently, I dissent.

HUNTER, J., concurs with FINLEY, J.